IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERESA LIGATO, DONNA BUSILLO, individually and as members of D & T Transport Services, LLC, and D&T TRANSPORT SERVICES, LLC | : : : : : | CIVIL ACTION |
| v. | : : | |
| RYDER USED VEHICLE SALES, INC. | : : | NO. 19-2345 |

**MEMORANDUM**

**Padova, J.**                                                                                         **July 16, 2019**

Plaintiffs Theresa Ligato, Donna Busillo, and D&T Transport Services, LLC bring this action asserting breaches of express and implied warranties and violations of the Pennsylvania Automobile Lemon Law, 73 Pa. Stat. Ann. § 1951 et seq., violations of the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 et seq. ("MMWA"), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1 et seq. ("UTPCPL"). Defendant Ryder Vehicle Sales, LLC (misidentified in the Complaint as "Ryder Used Vehicle Sales, Inc.") has moved to dismiss some of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we grant the Motion in its entirety.

**I.      FACTUAL BACKGROUND**

The Complaint alleges that Theresa Ligato, Donna Busillo, and D&T Transport Services, LLC purchased a certified used 2011 Freightliner Cascadia 125 truck from Defendant Ryder Used Vehicle Sales on July 23, 2018.  (Compl. ¶ 5, Ex. A.)  Plaintiffs bought the truck for "business and general transportation purposes," and Plaintiffs Ligato and Busillo personally signed and guaranteed payments for the truck.  (Id. ¶¶ 7, 23.)  Defendant issued several warranties in

connection with the truck, including an automatic 30-day limited powertrain warranty and an express 12-month/100,000 mile warranty. (Id. ¶¶ 8-9.) Plaintiffs discovered defects in the truck on August 8, 2018—16 days after buying the truck—and took the truck to be repaired the following day. (Id. ¶¶ 12-13.) Over the next four months, Plaintiffs sought repairs under the vehicle warranty a total of seven times, causing Plaintiffs to lose clients and business revenue. (Id. ¶¶ 14-21.) The truck continues to break down regularly and to exhibit defects and nonconformities that substantially impair its use, value, and safety. (Id. ¶¶ 21-22.)

The Complaint asserts five claims: 1) breach of implied warranty, 2) breach of express warranties, 3) violation of the Pennsylvania Automobile Lemon Law,[1] 4) violation of MMWA, and 5) violation of the UTPCPL. Defendant asks us to dismiss Counts III,[2] IV, and V for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## II. LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we consider "only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We "'accept all factual allegations [of the complaint] as true [and] construe the complaint in the light most favorable to the plaintiff.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (second alteration in original) (quoting Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)). A plaintiff's

---

[1] Count III is mistakenly labeled as "Magnuson-Moss Act" but asserts violations of 73 Pa. Stat. § 1955, the Pennsylvania Automobile Lemon Law. (See Compl. ¶¶ 33-46.)

[2] Plaintiffs agree to dismiss Count III in their response to the Motion to Dismiss. (See Pls. Mem. at 4.) Accordingly, we grant the Motion to Dismiss as to Count III.

pleading obligation is to set forth "'a short and plain statement of the claim,'" which gives "'the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2), and Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).

**III.   DISCUSSION**

   A.   Count IV: MMWA

Count IV asserts that Defendant violated the MMWA by failing to comply with the express written warranties that it provided Plaintiffs. (See Compl. ¶¶ 53-59.) Defendant moves to dismiss this Count on the ground that Plaintiffs are not "consumers" as defined by the MMWA and thus cannot assert a claim under the Act. Defendant also maintains that the truck is not a "consumer product" and is therefore not covered by the MMWA.

The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief" in either state or federal court. 15 U.S.C. § 2310(d)(1). The Act defines a consumer to be:

> a buyer . . . of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract).

3

15 U.S.C. § 2301(3). A consumer product is defined as "any tangible personal property which is distributed in commerce and which is <u>normally used</u> for personal, family, or household purposes." 15 U.S.C. § 2301(1) (emphasis added). "[H]ow a particular buyer uses the goods is irrelevant as long as the goods are 'normally used' for consumer purposes." <u>Triad Charters, Inc. v. Viking Yacht Co.</u>, Civ. A. No. 88-4977, 1989 WL 21763, at *4 (D.N.J. Mar. 6, 1989) (citations omitted); <u>see also</u> <u>Mendelson v. Country Coach, Inc.</u>, Civ. A. No. 06-572, 2007 WL 4812279, at *2 (C.D. Cal. Oct. 9, 2007) ("The broad policy of the Mag-Moss Act and its regulations indicates that a 'type' or 'class' analysis of a product is the appropriate test in resolving the issue of coverage. An individual's deviation from the normal use of a particular type product will not affect its classification for purposes of the Act." (citations omitted)).

The truck at issue is a 2011 Freightliner Cascadia 125, which is classified by the purchase contract as a "heavy truck." (Compl. ¶ 5; Ex. A at 8.) Other courts have found similar vehicles not to be consumer products under the MMVA. <u>See</u> <u>Kwiatkowski v. Volvo Trucks N. Am., Inc.</u>, 500 F. Supp. 2d 875, 877 (N.D. Ill. 2007) ("The court agrees . . . that a commercial tractor-trailer is not ordinarily used for personal, family, or household use. The normal and ordinary purpose for such trucks is to haul trailers in transport of goods and products over long distances for commercial benefit. Such a vehicle is not a "consumer product" and therefore beyond the reach of the Magnuson–Moss Act . . . ."); <u>Ruelas v. Freightliner, LLC</u>, Civ. A. No. 07-581, 2008 WL 552445, at *5 (E.D. Cal. Feb. 27, 2008).

Plaintiffs contend that the truck is a consumer product because the defective components of the truck, including its air filters and gaskets, are consumer products. Plaintiffs cite no authority for this proposition, and, to the extent that courts have considered similar arguments, they have not found that the components of industrial trucks are consumer products. <u>See</u> <u>Liberty Mut. Ins.</u>

4

Co. v. Freightliner, LLC, Civ. A. No. 13-5543, 2013 WL 6077352, at *2 (E.D. Pa. Nov. 19, 2013) (dismissing MMWA claim because the Freightliner Cascadia 125 truck and auxiliary air conditioner in the truck at issue in that case were not consumer products).[3] Because the truck at issue in this case is not normally used for personal, family, or household purposes, we conclude that it is not a consumer product, as defined by the MMWA, and that the Complaint does not state a plausible claim for relief under the statute. We therefore grant Defendant's Motion to Dismiss as it pertains to Count IV.

B. Count V: UTPCPL

Count V asserts that Defendant violated the UTPCPL by, among other things, failing to comply with the terms of written guarantees and warranties. Defendant moves to dismiss this Count on the ground that the UTPCPL only provides a private right of action for purchasers of goods primarily for personal, family, or household purposes. Defendant asserts that the Complaint admits that Plaintiffs bought the truck for business purposes. (See Compl. ¶¶ 7, 12, 14, 21.)

The Pennsylvania UTPCPL proscribes certain "unfair methods of competition" and "unfair or deceptive acts or practices." 73 Pa. Stat. Ann. § 201-3. "The Pennsylvania Supreme Court has interpreted the purpose of the UTPCPL to attempt 'to place on more equal terms seller and consumer' and 'to ensure the fairness of market transactions.'" Lites v. Great Am. Ins. Co., Civ. A. No. 00-525, 2000 WL 875698, at *2 (E.D. Pa. June 23, 2000) (quoting Commonwealth by Creamer v. Monumental Properties, Inc., 329 A.2d 812, 816 (Pa. 1974)). The UTPCPL provides a private right of action for a consumer "who purchases or leases goods or services primarily for

---

[3] Plaintiffs also argue that because Plaintiffs Ligato and Busillo were required to personally sign to guarantee payment for the truck and are now personally responsible for payments on the truck, they can assert a claim under the MMWA. Plaintiffs, however, cite no authority for this argument, and we are aware of none.

personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by [S]ection 3 of [the] act." 73 Pa. Stat. Ann. § 201-9.2. Unlike the MMWA, the applicability of the UTPCPL depends on the purpose of the purchase and not the typical or normal use of the product. "Whether a purchase is primarily for household purposes and a cause of action under the UTPCPL is available depends on the purpose of the purchase, not the type of product purchased." Coleman v. Commonwealth Land Title Ins. Co., 684 F. Supp. 2d 595, 618 (E.D. Pa. 2010) (citing Novinger Group, Inc. v. Hartford Ins., Inc., 514 F. Supp. 2d 662, 670 (M.D. Pa.2007)); see also Kushnir v. Aviva Life & Annuity Co., Civ. A. No. 11-7701, 2013 WL 4479196, at *2 (E.D. Pa. Aug. 22, 2013) (same) (quoting Coleman, 684 F. Supp. 2d at 618).

The Complaint alleges that the "truck was purchased to be used for business and general transportation purposes." (Compl. ¶ 7.) Plaintiffs also complain that they have "lost clients and experienced lost revenue of over $15,000" due to the truck's mechanical failures. (Id. ¶ 21.) Moreover, nothing in the Complaint or in the documents attached to the Complaint suggests that the truck was purchased for personal, family, or household purposes. Under these circumstances, we conclude that the truck was not purchased as a consumer good under the UTPCPL. See Waldo v. N. Am. Van Lines, Inc., 669 F. Supp. 722, 725-26 (W.D. Pa. 1987) (stating that tractor and insurance bought for a trucking business did not qualify as consumer goods under the UTPCPL).

Plaintiffs argue that the truck is a consumer good covered by the UTPCPL because Plaintiffs Ligato and Busillo personally guaranteed payments for the truck and are responsible to make those payments on the truck. However, they cite no authority—and we find none—for the proposition that personally guaranteeing a purchase is suggestive of purchasing the item for personal, family, or household use under the UTPCPL. Accordingly, we conclude that Plaintiffs

did not purchase the truck primarily for personal, family, or household purposes, and, thus, that Plaintiffs do not have a private right of action under the UTPCPL in connection with the truck. We therefore grant Defendant's Motion to Dismiss as it pertains to Count V.

## IV. CONCLUSION

For the foregoing reasons, we grant the Motion to Dismiss the Complaint in its entirety. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova _____
John R. Padova, J.